**UNITED STATES of America,**
**Appellee,**

v.

**Gaylord DAVIS, Defendant–Appellant.**

**Docket No. 00–1362.**

United States Court of Appeals,
Second Circuit.

June 11, 2002.

Howard D. Simmons, N.Y., for Appellant.

Breon S. Peace, Ass't U.S. Att'y, EDNY, Brooklyn, NY, for Appellee.

Present KEARSE, McLAUGHLIN, Circuit Judges, and DANIELS, District Judge.*

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Eastern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Defendant Gaylord Davis appeals from a judgment entered in the United States District Court for the Eastern District of New York convicting him, following a jury trial before I. Leo Glasser, *Judge,* of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and sentencing him principally to 63 months' imprisonment, to be followed by a three-year term of supervised release. On appeal, Davis, represented by new counsel, contends that he received constitutionally ineffective assistance from the attorney who represented him at trial. Finding no merit in his contentions, we affirm.

In order to prevail on a claim of ineffective assistance of counsel, a defendant must show both that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and that there is a reason-

---

\* Honorable George B. Daniels, of the United States District Court for the Southern District of New York, sitting by designation.

able probability that but for the deficiency, the outcome of the proceeding would have been different. *See Strickland v. Washington,* 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Davis contends principally that his trial counsel's performance was substandard because counsel (a) failed to conduct adequate cross-examination of certain witnesses as to whether Davis in fact had possessed a firearm, and (b) stipulated that the firearm in question had traveled in foreign commerce. In light of the facts (a) that the witnesses in question testified that on the occasion at issue Davis had pointed a gun at them, and (b) that the gun in question was a German product, Davis has not met either prong of the *Strickland* test.

We have considered all of Davis's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.